# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| ZACHARY WINTERS, on behalf of the Estate of Howard Winters, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 16-cv-1360 |

## **OPINION & ORDER**

This matter is before the Court on the Motion for Counsel (Doc. 10) filed by the Plaintiff, Zachary Winters. In assessing whether the Court should reach out to potential counsel, the Court has reviewed the Social Security Administration transcript provided by the Defendant in this case. The Court is of the opinion that appointing counsel in this case is unnecessary as the Plaintiff has no viable grounds for successful appeal, so that motion (Doc. 10) is DENIED. For the reasons discussed below, the decision of the Administrative Law Judge (the "ALJ"), David W. Thompson, is AFFIRMED.

## **PROCEDURAL HISTORY**

On January 9, 2013, the claimant, Howard Winters, applied for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, claiming that he had become disabled as of

February 15, 2013. (R. 43).[1] He claimed that he suffers learning disabilities, hypertension and diabetes. (R. 43). The Social Security Administration initially denied his applications on August 19, 2013. (R. 53, 65, 94). Plaintiff filed for reconsideration and was again denied on October 25, 2013. (R. 80, 92, 101). On November 19, 2013, Plaintiff requested a hearing before an ALJ. (R. 106). Unfortunately, Mr. Winters passed away before the hearing. (R. 117). His son, Zachary Winters, filed the necessary paperwork to substitute into the matter (R. 123-24) and attended a hearing on January 16, 2015, in which he testified. (R. 27-37).

On February 10, 2015, the ALJ, David W. Thompson, issued an opinion finding that the claimant was not disabled and thus not eligible for DIB or SSI. (R. 16-19). On March 31, 2015, Plaintiff requested that the Appeals Council review the ALJ's decision. (R. 11). The Appeals Council denied Plaintiff's request for review on July 14, 2016, thereby making the ALJ's decision the final decision of the Commissioner of Social Security. (R. 8). Plaintiff then filed this action with this Court on September 26, 2016. The Defendant waived any statute of limitations argument when it retroactively granted Plaintiff's request for an extension of time in which to file this civil action. (R. 1).

## LEGAL STANDARDS

### I. Disability Standard

To qualify for DIB and/or SSI under the Social Security Act, claimants must prove that they are unable to "engage in any substantial gainful activity by reason of

---

[1] Citation to R. ___ refers to the page in the certified transcript of the entire record of proceedings provided by the Social Security Administration.

any medically determinable physical or mental impairment." 42 U.S.C. §§ 416(i)(1), 1382c(a)(3)(A). Additionally, the impairment must be of a sort "which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(i)(1), 1382c(a)(3)(A). With respect to a claim for a period of disability and disability insurance benefits, claimants must also show that their earnings record has acquired sufficient quarters of coverage to accrue disability insurance benefits and that their disability began on or before the date that insurance coverage ended. 42 U.S.C. §§ 416(i)(3), 423(c)(1)(B).

The Commissioner engages in a factual determination to assess claimants' abilities to engage in substantial gainful activity. *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir. 1980). To do this, the Commissioner uses a five-step sequential analysis to determine whether claimants are entitled to benefits by virtue of being disabled. 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1); *Maggard v. Apfel*, 167 F.3d 376, 378 (7th Cir. 1999).

In the first step, a threshold determination is made as to whether the claimant is presently involved in any substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not engaged in such activity, the Commissioner then considers the medical severity of the claimant's impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairments meet the twelve-month duration requirement, the Commissioner next compares the claimant's impairments to a list of impairments contained in Appendix 1 of Subpart P of Part 404 of the Code of Federal Regulations and deems the claimant disabled if the impairment matches

3

the list. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments do not match the list, then the Commissioner considers the claimant's Residual Functional Capacity ("RFC")[2] and past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If claimants are still able to perform their past relevant work, then they are not disabled and the inquiry ends. *Id.* If they are unable to perform their past relevant work, then the Commissioner considers the claimants' RFC, age, education, and work experience to see if they can transition to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If a transition is not possible, then the claimant is deemed disabled. *Id.*

The plaintiff has the burden of production and persuasion on the first four steps of the Commissioner's analysis. *McNeil*, 614 F.2d at 145. However, once the plaintiff shows an inability to perform any past relevant work, the burden shifts to the Commissioner to show an ability to engage in some other type of substantial gainful employment. *Id.* (citing *Smith v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 857, 861 (7th Cir. 1978)).

## II. Standard of Review

The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). "The standard of review that governs decisions in disability-benefit cases is deferential." *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). When a claimant seeks judicial review of an ALJ's decision to deny benefits, this Court must only "determine whether [the ALJ's decision] was supported by substantial evidence or is

---

[2] Residual Functional Capacity is defined as "the most [claimants] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

the result of an error of law." *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence, 'although more than a mere scintilla of proof, is no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001) (citations omitted).

To determine whether the ALJ's decision is supported by substantial evidence, this Court will review the entire administrative record, but will not "reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). While this Court must ensure that the ALJ "build[s] an accurate and logical bridge from the evidence to his conclusion," he need not address every piece of evidence. *Clifford*, 227 F.3d at 872. The Court will remand the case only where the decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

**DISCUSSION**

**I.      Motion To Request Counsel**

In considering a request for counsel in a civil matter, the Court must determine whether a plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so; and if so, whether given the difficulty of the case, the plaintiff appears competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654

5

(7th Cir. 2007). Plaintiff has not demonstrated that he has made any attempts, let alone reasonable attempts, to find counsel on his own or that he has been precluded from doing so. The standard form motion for *pro se* litigants contains the following directive:

> In support of my motion, I declare that I have contacted the following attorneys/organizations seeking representation in this case: **(This item must be completed, and you should attach documentation showing that you have asked several attorneys to represent you in this case.)**

Despite that directive, Plaintiff failed to attach any supporting documentation. Without such documentation, the Court cannot find that Plaintiff made a reasonable attempt to obtain counsel.

Furthermore, based upon the record and the foregoing analysis of the substance of the ALJ's decision to deny benefits to the claimant, the Court finds appointing counsel would not make any difference to the outcome of the case. The ALJ's decision was not made in error and is supported by substantial evidence. For these reasons, his request to have counsel appointed is denied.

## II.   Further Preliminary Considerations

On January 26, 2017, Plaintiff was mailed a copy of this Court's Local Rule 8.1E. Thus, he was fully apprised of the fact that he was obligated to file a motion for summary judgment and a memorandum of law stating with particularity what aspects of the ALJ's decision he sought to challenge. The notice plainly stated he had to act within thirty days. Despite that notification, Plaintiff sat on his hands for over

6

two and a half months; finally filing a second motion[3] to request counsel but not even following the directions on that form. It was plaintiff's duty to file a motion for summary judgment and a memorandum of law stating with particularity what aspects of the ALJ's decision he sought to challenge. The Court cannot relieve plaintiff of this obligation just because he is proceeding without counsel.

Given 1) the nature of Plaintiff's dilatory inactivity and 2) the futility of the claimant's claim, the Court finds there is no just reason to delay ruling in this matter despite the fact that the parties have not submitted motions for summary judgment and accompanying memoranda.

## III.   Disability Analysis

Although social security is known as an entitlement program, not everyone is entitled to social security benefits. This is the type of case that illustrates the limitations of the social security system. The claimant in this matter was a man who worked hard. His son, the Plaintiff, did not think he should work and perhaps the claimant felt he should not work either, but he did work. He worked enough to earn well in excess of the statutory maximums for social security benefits eligibility. Although he claimed a disability onset date of February 15, 2013, the claimant went on that year to earn income of $20,765.00, in excess of $6,000.00 in the first quarter

---

[3]   Plaintiff files a motion to request counsel when he initiated this action. The Court denied it with leave to refile once the social security administration filed the official record so the Court could review it. September 27, 2016 Text Order.

of 2014 and income of $2,499.00 in the second quarter of 2014. (R. 19, 240, 241, and 248). These substantial earnings doom his claim for benefits.

The regulations provide that if one is working and the work one is doing is substantial gainful activity, the commissioner will find such a person not disabled <u>regardless</u> of the person's medical condition or age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.902(b) (emphasis added). "Substantial gainful activity" is work activity that involves doing significant physical or mental activities and is done for pay or profit. 20 C.F.R. §§ 404.1572, 416.972. Generally, if one has worked for substantial earnings, the commissioner will find that such a person is able to do substantial gainful activity. 20 C.F.R. §§ 404.1574(a)(1), 20 C.F.R. § 416.974(a)(1). District courts from this jurisdiction have followed *Hildebrand v. Barnhart*, 29 F.App'x 396, 298 (7th Cir. 2002), and noted that earnings above the income guidelines create only a rebuttable presumption of substantial gainful activity. *Purvis v. Berryhill*, No. 15-CV-11580, 2017 WL 1022014, at \*10 (N.D. Ill. Mar. 16, 2017); *Rudek v. Colvin*, No. 14 C 752, 2015 WL 854711, at \*2, n. 22 (N.D. Ill. Feb. 25, 2015).

Clearly, claimant's earnings here were substantial enough to warrant the ALJ's presumption that the work claimant performed was substantial gainful activity. However, this presumption does not relieve the ALJ from his duty to develop a full and fair record. *Purvis l*, 2017 WL 1022014, at \*10 citing *Dugan v. Sullivan*, 957 F.2d 1384, 1390 (7th Cir. 1992); *see also Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). A claimant may rebut the presumption with evidence that she could not perform her job well, without special assistance, or for only short periods of time. *See Jones v. Shalala*, 212 F.3d 191, 192-93 (7th Cir. 1994). The ALJ did not discuss

8

in his decision the rebuttable presumption or any of the factors that may overcome the presumption, nor did he question Plaintiff about any of the same at the hearing. Ordinarily, such failures might warrant a remand, but here, ample evidence in the record supports the ALJ's ultimate conclusion and defeat any assertion that the claimant was not engaged in substantial gainful activity for any continuous period of time of not less than twelve months.

First, the record shows that the claimant was working thirty hours a week during the time he was allegedly disabled. (R. 51, 63, 78, 249). Second, the record shows that claimant did not have any work expenses due to any purported disability. (R. 205). At work, claimant was allowed to sit (R. 251) but it does not appear that he could not keep a job because of his need to sit. Indeed, claimant was working the very day he passed away in May, 2014. In short, there is nothing in the record to overcome the presumption that the claimant's substantial gainful activity established that he was not disabled for a continuous period of time of not less than twelve months. Thus, the ALJ's decision need not be reversed and remanded and is hereby affirmed.

## CONCLUSION

For the reasons stated above, the Court does not find that the ALJ committed any reversible error in deciding Plaintiff's claim for disability benefits. His decision is therefore AFFIRMED. The Motion to Request Counsel (Doc. 10) filed by the Plaintiff, Zachary Winters, is DENIED. SO ORDERED.

CASE TERMINATED.

Entered this 28th day of April, 2017.

                                                                                                 s/ Joe B. McDade  
                                                                                               JOE BILLY McDADE  
                                                                      United States Senior District Judge